# PENACHIO MALARA, LLP
## ATTORNEYS AT LAW

245 Main Street, Suite 450
White Plains, New York 10601

FRANCIS J. MALARA*
ANNE J. PENACHIO*

JENNIFER RAGGO, Paralegal
-------------------------------------------
*Also admitted in CT

Telephone (914) 946-2889
Facsimile (914) 206-4884
www.pmlawllp.com

frank@pmlawllp.com
anne@pmlawllp.com
jraggo@pmlawllp.com

March 26, 2023

Electronically Filed and by E-mail

The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas St.
White Plains, New York  10601

      Re:  Buckingham Owners Corp.
        Chapter 11 Cub-Chapter V Case No.:  22-22403 (SHL)

Dear Judge Lane:

  I serve as counsel to Buckingham Owners Corp., the above-referenced Chapter 11 debtor (the "Debtor") which elected to be treated as a debtor under Sub-Chapter V of the Bankruptcy Code.  An auction sale of the Debtor's interest in 24 apartments is scheduled for March 29, 2023.  The apartments are being sold as condominium units.  The interest in the sale has been robust.  There are multiple bids on most of the apartment units.  Counsel has been required to confer with numerous potential bidders, review completed bid sheets and accept deposits.

  I am writing in response to the correspondence dated March 23, 2023 submitted by counsel for 8 of the Debtor's shareholders (the "Objecting Shareholders").  In the letter, the Objecting Shareholders seek a conference primarily to  (i) compel the deposition of Jose Guerrero, the Debtor's president pursuant to Bankruptcy Rule 2004 (the "2004 Order"); and (ii) discuss the treatment of secured liabilities that may encumber the Objecting Shareholders' interests (referred to herein as the "Mortgages").  As explained more fully the letter contains numerous statements that are incorrect and can only be construed as an attempt to undermine the pending auction sale.

  First and foremost, the Debtor takes Court orders seriously.  For several reasons, including the demands imposed by the pending auctions, the Debtor could not comply with the one week time period contained in the 2004 Order for the production of documents.   Moreover, the 2004 Order contains notice requirements that the Objecting Shareholders failed to comply with.  On or about March 15, 2023, I contacted counsel for the Objecting Shareholders and requested additional time.  Thereafter, I emailed him.  Counsel for the Objecting Shareholder

1

responded that it was imperative that documents be submitted immediately. I explained that I could submit what I had but that I would not be able to mark the documents or "bates stamp" them. Counsel asked me to send the documents immediately by email which I did. The Documents were numerous and contained many resolutions and minutes

The Objecting Shareholders insisted that Mr. Guerrero, who was not served with the Order, be examined prior to the auction. In support of this position, the Objecting Shareholders propounded a variety of reasons including (i) a suggestion that the filing, which occurred on the eve of a foreclosure auction, was without corporate authority (an argument that is not only unfounded but has been waived); (ii) an allegation that $3.5 million paid the Debtor by Titan Capital Corp. ("Titan") the foreclosing creditor is unaccounted for (not withstanding that the Debtor never received any funds from Titan on the existing loan. Rather, Titan paid Fannie Mae the original lender directly over 10 years ago when the Debtor was controlled by the original sponsor)[1]; and (iii) the Mortgages need to be addressed (even though the Objecting Shareholders have been repeatedly advised directly and in pleadings, that the sale is an "asset sale" of condominiums under Section 363 and any Mortgages which are the responsibility of the Objecting Shareholders would be dealt with under an amended plan).

No credible basis for the need to proceed on an expedited basis prior to the auction has been proffered by the Objecting Shareholders.

Mindful of the terms of the 2004 Order as well as applicable discovery rules, the undersigned formally moved for an extension of time under Bankruptcy Rule 9006 and 4002 (Dkt. No. 93). In the motion, the Debtor propounds several separate and independent reasons why the time period under the 2004 Order should be extended. Such reasons include (i) the failure of the Objecting Shareholders to comply with the notice requirements of the 2004 Order; (ii) the unavailability of counsel, Mr. Guerrero, Mr. Lerner and the Sub-Chapter V Trustee; and (iii) the demands presented by the auction.

Finally, contrary to the Objecting Shareholders' assertion that "there are no other attorneys representing shareholders," numerous attorneys have represented various other shareholders currently and during the pendency of the Bankruptcy proceeding including but not limited to:

Stephen Cerrarto (counsel for Jean Wilkenson and Hubert Huie)
Joseph Squiteri (counsel for Gabriella Bracaglia)
Marvin Kelly (counsel for Katherine Robertson)
Michael Curto (counsel for Noreen Scott)
Jonathan Scher (counsel Lanny Lerner)
Carla Brystan (counsel for shareholder Freddie Mac)
Art DiBernadino (counsel for Vincent Cicarelli)
Jeffrey Farkas (counsel for Jacqueline Brown)
Michael Goodman (counsel for Jose Guerrero)

---

[1] Clearly this baseless allegation is designed to shock and create an emotional reaction.

I have personally spoken with many shareholders and/or their attorneys separate and apart from the Objecting Shareholders. All other shareholders and their counsel appear to recognize the indisputable facts and the unfortunate circumstances that the Debtor is faced with due primarily to the actions of the sponsor over a decade ago.

In sum, while everyone involved in this case is sympathetic with all of the shareholders, absent a competitive auction sale which will likely confer a financial benefit on shareholders, Titan will undoubtedly proceed with its foreclosure judgment leaving all shareholders with nothing – including the opportunity to purchase their units, the chance to receive a "cash exit payment" or a market lease (which two bidders have offered) and a potential for a distribution of any surplus. It is submitted that the Debtor and its shareholders will be damaged if the auction does not proceed as planned. It is unfortunate that the Objecting Shareholders do not appear to recognize the foregoing and continue on a path that is counter-productive to maximizing the value of assets and minimizing costs.

Respectfully,

/s/ Anne Penachio

Cc; All parties