UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

BUCKINGHAM TOWER CONDOMINIUM, INC.
f/k/a BUCKINGHAM OWNERS, INC.,

                                        Debtor.
-----------------------------------------------------------------X

CHAPTER 11
(Subchapter V)

CASE NO.: 22-22403-shl

**ORDER (A) CONFIRMING THE RESULTS OF THE AUCTION SALE; (B) AUTHORIZING AND DIRECTING THE DEBTOR TO CLOSE ON THE SALE TO THE SUCCESSFUL BIDDERS; (C) AUTHORIZING THE DEBTOR TO MAKE CERTAIN DISBURSEMENTS FOLLOWING THE CLOSING ON THE SALE; AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") dated January 31, 2023 [Dkt. No. 70] of

**BUCKINGHAM TOWER CONDOMINIUM, INC.** f/k/a **BUCKINGHAM OWNERS,**

**INC.,** as debtor and debtor in possession (the "Debtor"), through its counsel, **PENACHIO**

**MALARA, LLP**, seeking the entry of an Order, pursuant to Sections 105 and 363, of title

11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"); (i) (a) authorizing the sale of all of the Debtor's interest in apartment units located

at 615 Warburton Avenue, Yonkers, New York 10701 identified as 7F; 2E/F; 3K; 4D; 4J;

6N; 7C; 7D; 6G; 2H; 3C; 3E; 4E; 4L; 6D; 6H; 6J; 6L; 3B; 5H;  5L; 1L; 7L; 7K; and 5K

(collectively the "Property") free and clear of all liens, claims, encumbrances and other

interests to the highest Bidders at a public auction sale (the "Auction Sale"); (b) approving

the terms and conditions of the sale ("Terms and Conditions"), and the form and manner of

notice ("Sale Notice"); (c) scheduling a hearing to confirm the results of the Auction sale of

the Property to the highest Bidders at the Auction sale; and (d) granting such other and

further relief as this Court deems just and proper under the circumstances; and (ii) (a)

confirming the results of the Auction sale, (b) authorizing the Debtor to close on the sale of

the Property to Dwight City Capital, Aria Capital, Gabriella Bracaglia and Jacqueline

Brown  (collectively, the "Successful Bidders") pursuant to the Terms and Conditions and

the Auctioneer's Report of Sale-Successful Bidders (the "Memorandum of Sale") filed with

the Court (Dkt. No. 98), (c) authorizing the Debtor to make certain disbursements in

connection with the closing on the sale of the Property; and (d) granting related relief; and

the Debtor having adequately served notice of the Motion and the Sale Hearing (as defined

below); and the Court having conducted a hearing on April 13, 2023 to consider that portion

of the Motion that sought approval of the Terms and Conditions and the form and manner of

service of the Sale Notice, and the Court having entered an Order [Docket No. 90] (the "Sale

Procedures Order") approving the Terms and Conditions and the form and manner of

service of the Sale Notice and scheduling a hearing on April 13, 2023 at 10:00 a.m. (the

"Sale Hearing"), and objections of certain shareholders (the "Objecting Shareholders") and

certain lenders to Shareholders (the "Lenders") having been filed [Docket Nos. 104 and

106], and upon the Debtor's reply (Dkt. No.  109); and upon the record of the April 13, 2023

Sale Hearing; and it now appearing that the relief sought in the Motion is in the best

interests of the Debtor's estate, its creditors and other parties in interest; this Court being

fully advised, and this Court, based upon all the arguments and evidence presented to it,

hereby makes the following findings of fact and conclusions of law:

**FOUND AND DETERMINED THAT:**

A.  This Court has jurisdiction to hear and determine the Motion and to grant the

relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and

the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

B.   This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry as set forth herein.

C.   This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D.   The statutory predicates for the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

E.   As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, (i) proper, timely and adequate notice of the Motion, the Sale Procedures Order, the Auction Sale, and the Sale Hearing has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Sale Procedures Order, the Auction Sale, and the Sale Hearing is necessary or shall be required.  The Lenders' Objection to entry of the Sale Order, based in part on a lack of service, is overruled as stated below for the reasons stated on the record at the Sale Hearing.

F.   A reasonable opportunity to object or be heard with respect to the Motion, the Sale Procedures Order, and the Auction Sale, has been afforded to all interested persons and entities, including, without limitation: (a) all known holders of liens against the Property; (b) all known holders of judgments against the Debtor; (c) the Debtor's counsel; (d) the Debtor's known

creditors; (e) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules; (f) all parties that have filed a notice of appearance in the Debtor's case; (g) all parties that expressed an interest in purchasing the Property to the Debtor or its professionals; and (h) any other parties not otherwise listed here that are entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

G.      The sale process for the Property was conducted in accordance with Sale Procedures Order, and was conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Property.

H.      The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including (a) confirming the results of the Auction Sale; (b) authorizing the Debtor to close on the sale of the Property to the Successful Bidders; and (c) authorizing the Debtor to make certain disbursements following the closing on the Auction Sale.

I.      The Successful Bidders are purchasing the Property in good faith and are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code, and are therefore entitled to the protection of that provision.

J.      The Terms and Conditions and Memorandum of Sale were negotiated, proposed, and entered into by the Debtor and the Successful Bidders without collusion, in good faith and from arms' length bargaining positions. Neither the Debtor nor the Successful Bidders have engaged in any conduct that would cause or permit the Auction Sale or any part of the transactions contemplated by the Terms and Conditions and Memorandum of Sale to be avoidable under section 363(n) of the Bankruptcy Code.

K.      As demonstrated by the record established at the Sale Hearing, the Debtor afforded interested potential purchasers a full and fair opportunity to qualify as Potential Bidders under the

Terms and Conditions and to submit an offer for the Property.

L. The consideration provided by the Successful Bidders for the Property (i) is fair and reasonable, (ii) is the highest and best offer for the Property, (iii) will provide a greater recovery for all of the Debtor's creditors and/or parties in interest than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, New York State Debtor Creditor Law and all other applicable laws.

M. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to sell the Property under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and are in the best interests of the Debtor, the estate, and its creditors.

N. The marketing and Auction Sale processes implemented by the Debtor and its advisors, as set forth in the Motion, were fair, proper, and reasonably calculated to result in the best value received for the Property.

P. The Debtor has full authority and power to execute and deliver all documents contemplated by the Terms and Conditions and Memorandum of Sale, to perform its obligations therein and to consummate the Auction Sale. Except as set forth in the Terms and Conditions, no additional consents or approvals are necessary or required for the Debtor to consummate the Auction Sale.

Q. Jose Guerrero is the Debtor's representative pursuant to Bankruptcy Rule 7070 for the purposes of consummating the Sale.   In addition, Anne Penachio is authorized to execute any deeds and transfer documents on the Debtor's behalf and any and all additional documents necessary to effectuate the Sale.

R. The Successful Bidders would not have agreed to the Terms and Conditions and

Memorandum of Sale and would not consummate the Auction Sale, thus adversely affecting the Debtor, the estate, and its creditors, if the Property was not sold to them free and clear of all Liens other than existing leases and other rights of occupancy.

S.      Selling the Property other than free and clear of any and all liens (as defined in 11 U.S.C. § 101(37)) (the "Liens"), claims (as defined in section 101(5) of the Bankruptcy Code) ("Claims"), encumbrances, including security interests, mortgages, taxes, obligations, including employee benefit obligations, charges against or interests in property, adverse claims, claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise, subject to applicable law, including section 363 of the Bankruptcy Code (collectively, the "Encumbrances"), but excluding the exceptions set forth in the Terms and Conditions (collectively, the "Permitted Exceptions"), would adversely impact the Debtor's estate, and the sale of the Property other than as free and clear of all Liens, Claims and Encumbrances would be of substantially less value to the Debtor's estate.

T.      The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Liens, Claims and Encumbrances, if any, who did not object, or withdraw their objections to the Auction Sale, are deemed to have consented to the Auction Sale.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      All objections to entry of this Order or to the relief requested in the Motion that

have not been withdrawn, waived or resolved, or settled are hereby denied and overruled ***for the reasons set forth at the hearing.*** ~~as set forth herein.~~

2.      The relief requested in the Motion is granted and approved as set forth herein.

**Sale and Transfer of Property**

3.      The Terms and Conditions and Memorandum of Sale, and the Auction Sale are hereby approved in all respects. The Successful Bidders shall receive title, possession, and control of the Property, free and clear of all Liens, Claims and Encumbrances, except as set forth in the Terms and Conditions, with said closing to be conducted pursuant to the terms of a confirmed Chapter 11 Small Business Sub Chapter V Plan   The Debtor shall file a proposed Chapter 11 plan with terms consistent with the terms of this Order.

4.      The Debtor is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Auction Sale in accordance with the Motion, the Terms and Conditions, Memorandum of Sale and this Order, (b) propose a Chapter 11 Plan and (c) perform, consummate, implement and close fully the Auction Sale pursuant to the terms of the confirmed plan, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Terms and Conditions and Memorandum of Sale, including, without limitation, consenting to the assignment by the Successful Bidders of any of  their rights under or relating to the Terms and Conditions.

5.      Those holders of Liens against Property of the Debtor , and other non-Debtor parties who did not object to entry of this Order, the Motion, the Sale Hearing, the Terms and Conditions, the Memorandum of Sale, or the Auction Sale are deemed to have consented to this Order, the Terms and Conditions, the Memorandum of Sale, and the Auction Sale, pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action in law or equity against the Successful Bidders,  their successors, their assigns, their representatives, their affiliates,

their properties, or any agent of the foregoing to recover any Lien, Claim or Encumbrance which such person or entity has against the Debtor or any of its affiliates or any of the Debtor's property, except as set forth in the Terms and Conditions. Those holders of Liens, Claims and Encumbrances and other non-Debtor parties who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims and Encumbrances attach to the proceeds of the Auction Sale ultimately attributable to the property against or in which they assert Liens, Claims and Encumbrances and/or by having their Liens, Claims and Encumbrances satisfied from the proceeds of the Auction Sale.

6.      Upon Closing, the Property transferred, sold, and delivered to the Successful Bidders shall be free and clear of all Liens, Claims and Encumbrances of any person, entity, or firm, except as set forth in the Terms and Conditions. The transfer of the Property to the Successful Bidders constitutes a legal, valid, and effective transfer of the Property and shall vest the Successful Bidders with all right, title, and interest in and to the Property, free and clear of Liens, Claims and Encumbrances, except as set forth in the Terms and Conditions.

7.      Upon the Closing, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Property pursuant to the terms of the Terms and Conditions and Memorandum of Sale. The sale of the Property to the Successful Bidders shall be an absolute and irrevocable transfer of title to the Property, which has been made for fair consideration and reasonably equivalent value.

8.      Upon the Closing, all entities, including, but not limited to, the Debtor, all creditors, employees, former employees, current and former shareholders, administrative agencies, tax and regulatory authorities, governmental units, agencies, departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Liens, Claims or Encumbrance against the Property, shall be permanently and

forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Successful Bidders (or their successors, assigns, agents or representatives) as alleged successor or otherwise, solely with respect to any Liens, Claims and Encumbrances, on or in respect of the Property arising prior to the Closing, except as set forth in the Terms and Conditions.

9.      Each and every term and provision of the Terms and Conditions and Memorandum of Sale, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtor, the Successful Bidders, creditors, employees, former employees and shareholders, administrative agencies, tax and regulatory authorities, governmental units, agencies, departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any Lien, Claim or Encumbrance against or interest in the Debtor's estate or the Debtor's Property, including any subsequently appointed trustee or other fiduciary under any section of the Bankruptcy Code.

10.     Upon the Closing, all entities holding Liens, Claims and Encumbrances of any kind and nature, except as set forth in the Terms and Conditions, against the Debtor's Property hereby are barred from asserting such Liens, Claims and Encumbrances against the Successful Bidders (or their  successors, assigns, agents or representatives) and/or the Property and, effective upon the transfer of the Property to the Successful Bidders upon Closing, the Liens, Claims and Encumbrances shall attach to the proceeds of the Auction Sale with the same force, validity, priority and effect, if any, as against the Debtor's assets.

11.     This Order (a) is and shall be effective as a determination that, upon Closing, except as set forth in the Terms and Conditions, all Liens, Claims and Encumbrances, existing as to the Debtor's assets conveyed to the Successful Bidders have been and hereby are adjudged to be

unconditionally released, discharged and terminated as to the transferred Property, with all such

Liens, Claims and Encumbrances, , attaching automatically to the proceeds in the same manner

and priority, and (b)shall be binding upon and govern the acts of all entities, including all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds,

registrars of deeds, administrative agencies or units, governmental departments or units, secretaries

of state, federal, state and local officials and all other persons and entities who may be required by

operation of law, the duties of their office, or contract, to accept, file, register or otherwise record

or release any documents or instruments, or who may be required to report or insure any title or

state of title in or to any of the Debtor's assets conveyed to the Successful Bidders. Except as set

forth in the Terms and Conditions, all Liens, Claims and Encumbrances of record as of the date of

this Order shall be deemed to be removed and stricken as against the Property in accordance with

the foregoing. All entities are authorized and specifically directed to strike all such recorded Liens,

Claims and Encumbrances against the Property from their records, official or otherwise.

      12.     If any person or entity which has filed financing statements, mortgage, lis pendens

or other documents or agreements evidencing Liens, Claims and Encumbrances on the Property,

except as set forth in the Terms and Conditions, shall not have delivered to the Debtor prior to

closing, in proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, releases of liens and easements and any other documents necessary for

the purpose of documenting the release of all Liens, Claims and Encumbrances which the person

or entity has or may assert with respect to the Property, the Debtor is hereby authorized and

directed upon closing, and the Successful Bidders is hereby authorized upon closing, to execute

and file such statements, instruments, releases and other documents on behalf of such person or

entity with respect to the Property. Upon closing of the Auction Sale, each of the Debtor's

creditors is authorized and directed to execute such documents and take all such actions as may be

necessary to release their respective Liens, Claims and Encumbrances against the Property.

13. Upon closing, the Successful Bidders (or their successors, assigns, agents, or representatives) shall not be deemed to be (a) a successor to the Debtor, (b) de facto merged with the Debtor or (c) a mere continuation of the Debtor. Without limiting the generality of the foregoing, and except as specifically provided in the Terms and Conditions, the Successful Bidders (or their successors, assigns, agents, or representatives) shall not be liable for any claims against the Debtor or any of its predecessors or affiliates or assets, other than as expressly provided for in the Terms and Conditions and/or in this Order under any legal theory.

14. So that the Lenders may evaluate whether an objection to Titan's Proof of Claim [Claim No. 6-1] is appropriate, the Debtor shall provide counsel for the Lenders with all documentation required by Fed. R. Bankr. P. 3001 in support of Titan's claim on or before May 9, 2023. Titan and the Debtor will use best efforts to cooperate with the Lenders to provide any additional substantiation within five (5) business days of the Lenders' request(s).

15. The Debtor is authorized and directed to disburse funds directly from the proceeds of Sale to (i) Titan Capital in satisfaction of its claim and (ii) any taxing authority holding a lien on the Property. The Debtor is also authorized and directed to disburse funds to pay any and all (i) ordinary and necessary closing costs; and (ii) fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code plus interest pursuant section 3717 of title 31 of the United States Code. No other amounts may be paid other than pursuant to Court order on notice to all parties in interests including the Lenders. Nothing in this Order shall in any way limit, restrict or otherwise prejudice any rights that the Lenders may have with respect to the Sale proceeds or with respect to any chapter 11 plan proposed by the Debtor.

## Additional Provisions

16.     The provisions of this Order, the Terms and Conditions and the Memorandum of Sale, and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) confirming or consummating any plan of reorganization of the Debtor, (b) converting the Debtor's case from chapter 11 to chapter 7, (c) dismissing the Debtor's bankruptcy case or (d) appointing an examiner, and the terms and provisions of the Terms and Conditions and the Memorandum of Sale as well as the rights and interests granted pursuant to this Order shall continue in this or any superseding case and shall be binding upon the Debtor, the Successful Bidders, and their respective successors and permitted assigns.

17.     Each and every federal, state, and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Terms and Conditions and Memorandum of Sale.

18.     Nothing contained in any order of any type or kind entered in this chapter 11 case or any related proceeding subsequent to entry of this Order, nor in any chapter 11 plan confirmed in this chapter 11 case, shall conflict with, or derogate from the provisions of the Terms and Conditions or the terms of this Order. In any plan of reorganization or liquidation or otherwise, the Debtor shall not make any statement, take any position, or take any act that supports an argument that the Successful Bidders assumed debt that is not expressly assumed under the Terms and Conditions.

19.     To the extent anything contained in this Order conflicts with a provision in the Terms and Conditions or the Memorandum of Sale, this Order shall govern and control.

20.     The Successful Bidders are purchasing the Property in good faith and are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code, and are therefore

entitled to the protection of that provision. The consideration provided by the Successful Bidders for the Property is fair and reasonable, and the Auction Sale may not be avoided under section 363(n) of the Bankruptcy Code.

21.     This Court retains jurisdiction, even after conversion of this chapter 11 case to a case under chapter 7, to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order), the terms of the Terms and Conditions and the Memorandum of Sale, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Successful Bidders (and their successors, assigns, agents and representatives) and the Property from and against any of the Liens, Claims and Encumbrances; (c) resolve any disputes arising under or related to the Terms and Conditions, the Memorandum of Sale or the Auction Sale; (d) adjudicate all issues concerning (alleged) pre-Closing Liens, Claims and Encumbrances and any other (alleged) interest(s) in and to the Debtor's assets, including the extent, validity, enforceability, priority and nature of all such (alleged) Liens, Claims and Encumbrances and any other (alleged) interest(s); and (e) adjudicate any and all issues and/or disputes relating to the Debtor's right, title or interest in the Debtor's assets, the Motion and/or the Terms and Conditions.

22.     From and after the date hereof, the Debtor shall act in accordance with the terms of the Terms and Conditions and Memorandum of Sale, as applicable.

23.     This Order, the Terms and Conditions and the Memorandum of Sale shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Successful Bidders, the Debtor and its affiliates and subsidiaries, the Debtor's assets, and any subsequent trustee appointed in the Debtor's chapter 11 case or in any chapter 7 case or upon (a) a conversion of this chapter 11 case to a case under chapter 7 or (b) dismissal of the Debtor's bankruptcy case.

24.	The failure specifically to include any particular provisions of the Terms and Conditions and Memorandum of Sale in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Terms and Conditions and Memorandum of Sale, and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

25.	Jose Guerrero shall serve as the Debtor's representative pursuant to Bankruptcy Rule 7070 for the purposes of consummating the Sale.   In addition, Anne Penachio is authorized to execute any deeds and transfer documents on the Debtor's behalf and any and all additional documents necessary to effectuate the Sale.

26.	The provisions of this Order are non-severable and mutually dependent.

27.	The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Terms and Conditions or Memorandum of Sale, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

~~28.	This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 7062, or otherwise~~.

Dated:	White Plains, NY
	May 16, 2023

*/s/ Sean H. Lane*
Hon Sean H. Lane
United States Bankruptcy Judge